UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  **CV 19-3217-MWF (Ex)**   JS-6   Date: **August 10, 2020**
Title:    Dorian Carter v. Tracy Sheen, et al.

Present:  The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):**   ORDER REMANDING ACTION

On April 23, 2019, this action was removed by Defendant Nathalee Evans to this District. (Docket No. 1). This action generally concerns the proper trustee of a trust, and relates to an action in Los Angeles Superior Court where Tracy Sheen – the Defendant in this action – sued Dorian Carter, the Plaintiff in this action. (Complaint ¶¶ 6-24) (Docket No. 1-1). On July 6, 2020, Plaintiff and Evans filed a Notice of Settlement of Entire Action and Proposed Judgment (the "Notice"). (Docket No. 17). The Notice describes the factual background of the underlying state actions, and requests various forms of relief from the Court. (*See generally id.*).

On July 8, 2020, the Court issued an Order to Show Cause re Settlement ("OSC"). (Docket No. 18). In the OSC, the Court noted several issues it had with the Notice, including that (1) Defendant Tracy Sheen had never been served; (2) there appeared to be no case or controversy as Carter and Evans appeared to want the same outcome in the state action; (3) the Court was not convinced it had subject matter jurisdiction over the action; and (4) the Court had serious doubts it could issue the requested relief. (*Id.* at 1-2).

On July 31, 2020, Nathalee Evans filed a response to the OSC (the "Response"). (Docket No. 21). The Court has reviewed the Response, and it still has concerns regarding the treatment of Defendant Tracy Sheen and the existence of a case or controversy. Nonetheless, because the Court determines that it lacks subject matter jurisdiction, the Court remands the action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.   **CV 19-3217-MWF (Ex)**                       Date:  **August 10, 2020**
Title:       Dorian Carter v. Tracy Sheen, et al.

"[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) (assessing whether a provision of a federal statute had jurisdictional consequences). "District courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Additionally, the Court could have jurisdiction over this action pursuant to 28 U.S.C. § 1332. Jurisdiction under § 1332 requires that the amount in controversy exceed $75,000 and that the parties meet the complete diversity rule. 28 U.S.C. § 1332(a); *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989). For complete diversity to exist, the state citizenship of every plaintiff must differ from the state citizenship of every defendant. *Newman-Green*, 490 U.S. at 829.

In the case of natural persons, "to show state citizenship for diversity purposes…a party must (1) be a citizen of the United States, and (2) be domiciled in the state." *Kantor v. Wellesey Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Finally, "federal-diversity jurisdiction depends on the citizenship of the parties at the time the suit is filed." *Dole Food Co. v. Patrickson*, 538 U.S. 468, 478 (2003).

If there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court. *See Gaus v. Miles*, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

*First*, the Response does not demonstrate that the Court has jurisdiction pursuant to 28 U.S.C. § 1331. In the OSC, the Court noted that the Complaint does not assert any federal claims, and the Court was not convinced that the various federal laws cited in the Notice have any application to this matter. In their Response, the parties argue that federal question jurisdiction is established "under the Civil Rights Act of 1866" because "the default and default judgment" not entered by the state court resulted from "discriminatory retaliation due to the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.   **CV 19-3217-MWF (Ex)** | Date:  **August 10, 2020** |
| Title:       Dorian Carter v. Tracy Sheen, et al. | |

association of Evans in a voting rights case." (Response at 4-7). The Response also cites to a California Supreme Court Judicial Ethics committee opinion which "was consistent with the voting rights case." (*Id*. at 8-9).

This argument is unconvincing. The Response does not provide any detail regarding *which* voting rights case allegedly resulted in the discrimination, and the Judicial Ethics committee opinion cited by the Response has nothing to do with voting rights, and instead discusses whether judicial officials can sit on the board of *charter schools*. (*See* CJEO, Formal Opinion 2017-011. (Cal. Supreme Court Committee on Judicial Ethics Opinion) ("The Committee on Judicial Ethics Opinions has been asked to provide an opinion on the following question: 'May a judicial officer serve on the board of a charter school or a nonprofit organization operating one or more charter schools? The charter school receives public funds but is not likely to be involved in litigation within the jurisdiction of the judge's court. It does not have an open enrollment policy and board membership is uncompensated and unelected.'")).

Additionally, the Los Angeles Superior Court action, *Dorian Carter v. Tracy Sheen et al.*, Case No. BC458090, was filed in March 2011, and therefore had been pending for *nine years* prior to the removal of this action. The Response makes no attempt to explain why federal question jurisdiction was only recently established, or why removal is appropriate now but was not in 2011. Accordingly, the Response did not establish that the Court has federal question jurisdiction over this action.

*Second*, the Response does not demonstrate that the Court has jurisdiction pursuant to 28 U.S.C. § 1332. As pointed out in the OSC, the Complaint alleges that Evans "is an individual who resides in Fairview, Oregon and Los Angeles, California" while Carter, according to the Notice, resides in California. (Complaint ¶ 4; Notice at 7). In the Response, the parties argue that "[a]t the time Carter filed her complaint . . . the complaint properly alleged that Evans was a citizen of both the State of California and the State of Oregon" because "[a]t that time she had a home in California where both she and her elderly mother lived (with other family members) and she also resided with her partner in Oregon." (Response at 4). After that, at some unknown point of time and "at the time of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  **CV 19-3217-MWF (Ex)**                    Date:  **August 10, 2020**
Title:        Dorian Carter v. Tracy Sheen, et al.

April 23, 2019 removal she was solely a citizen of the State of Oregon" as "[h]er elderly mother had died and she married her partner and the both reside in Oregon." (*Id*. at 4).

The Court is not convinced there is complete diversity between the parties. There is no dispute that Dorian Carter is domiciled in California, but the Court cannot determine Evans' *domicile* when the Complaint was filed, as the Response indicates she had residences in both Oregon and California.  The Court also cannot determine Evans' domicile at the time of removal.  With respect to Evans' move, the Response does not indicate when the move occurred, or whether Evans intends to make Oregon her new domicile or eventually return to California.  This is crucial, as "a change in domicile requires the confluence of (a) physical presence at the new location with (b) *an intention to remain there indefinitely*." *Brinkman v. Schweizer Aircraft Corp.*, No. CV 10-04601-MHP, 2011 WL 863499, at *3 (N.D. Cal. Mar. 10, 2011) (emphasis added)(citing *Lew v. Moss*, 797 F.2d 747, 749–750 (9th Cir. 1986)).  The Response makes no indication or argument suggesting that Evans intends to remain in Oregon other than the fact that she currently lives there. Accordingly, the Court is not convinced that complete diversity between the parties has been established.

Regardless, neither the Response nor the Complaint establish that the amount in controversy of this action exceeds $75,000.  Indeed, as noted by the Court in the OSC, the Court is not convinced there even *is* a controversy, and neither the Complaint nor the Response make any attempt to establish the amount in controversy is greater than $75,000.

If there are *any* doubts regarding jurisdiction, the action must be remanded to the Superior Court.  The Court has *serious* doubts as to its jurisdiction over this action, as it at bottom appears to stem from the Superior Court's refusal to enter default judgment.  That is an issue for the Superior Court to resolve, not this Court.

Accordingly, the Court **REMANDS** this action to the Los Angeles County Superior Court.

IT IS SO ORDERED.